UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHELBE WILLAMS MORAES,<br>JESSE JAMES MORAES,<br>HUGO GIOVANNI MORAES, and<br>MARCOS CHACON a/k/a<br>"MARQUITO,"<br><br>    Defendants | CRIMINAL No. 21-cr- 10175-ADB |

GOVERNMENT'S RESPONSE TO HUGO MORAES'S
MOTION TO MODIFY CONDITIONS OF RELEASE

Hugo Moraes has moved to modify his conditions of release to: eliminate the requirement of home detention; remove location monitoring; exempt certain names from the no-contact list; and enable him to respond to operational inquiries concerning the two restaurants. As the conditions of release ordered by the Court were well-founded, and as the defendant presents no substantial change in circumstances warranting the relief he seeks, the motion should be denied.

On October 18, 2022, this Court found that the risk posed by the defendant's release could be mitigated by strict conditions of release, including electronic monitoring. Order on Government's Motion for Detention (Doc. 29) at 4. The conditions imposed (Doc. 35) represented the least restrictive combination of conditions that the Court determined will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. 18 U.S.C. § 3142(c)(1)(B).

Nothing has changed to justify amending these conditions. The defendant cites his compliance with the conditions of release and directions of his Probation Officer since his release. While an extended period of compliance might be justification for relaxing some conditions, two months of mere compliance is an insufficient period to change the calculus in this case.

The defendant's main argument for modifying his conditions is financial need. He claims that he "has no current income due to the fact he has been unable to maintain a job and his two restaurants are struggling to remain in business." Motion to Modify Conditions at 2. Even if this claim were supported, the government's understanding is that nothing about the defendant's current conditions of release prohibits him from getting a job if he needs to supplement his income. Permission to leave home to work is commonly granted for defendants on home detention with location monitoring. To the extent a modification to the conditions of release were required to permit such employment, the government would have no objection, provided the employment was not related to the operation of the restaurants.

The defendant's requests to exempt certain names from the no-contact list and to permit him to answer operational questions from employees are directly tied to his claim that the restaurants are struggling financially. The defendant's contention that he needs to be involved in the management of the restaurants represents a significant change of position. The evidence presented at the detention hearing amply supported the prohibition on the defendant's involvement in the operation of the restaurants. The defendant represented through counsel that he understood he could not be involved in running the restaurants and that he had no intention of doing so. Defendants Hugo and Jesse Moraes both represented that the managers they selected to operate the restaurants could do so both competently and independently. If this position has changed, he should explain why.

The defendant incorrectly states that the government is unwilling to consider any modification to the no-contact list. On November 27, 2022, counsel for Hugo Moraes proposed that the parties agree to the deletion of twenty-three names from the no-contact list. Counsel described these twenty-three individuals as "either family, friends, or current employees (who need to make contact, ask operational questions, etc.)." These names included several co-conspirators, including close relatives of Chelbe Moraes and one individual who has been separately charged with the same offenses. The government responded with a request for further explanation for the request. Given the prohibition on the defendant's operation of the restaurants, the government stated it was not clear why he would need to be in contact with current employees except for the manager, who might have an occasional question. With respect to the family and friends, the government objected to contact with individuals who were involved in the charged offenses. On December 8, 2022, counsel responded to the government's email and narrowed the list of proposed exemptions to eight individuals, offering the following justification:

> The essence of the release order is that Hugo and Jesse must stay away from the two restaurants - - which they have done and are doing. While we have put in place an independent general manager, key employees still have many questions and need the opportunity to reach out to Hugo for operational guidance. The businesses are struggling and will cease to exist unless certain lines of communication are open and enabling the restaurants to have a chance to survive.

The government expressed appreciation for the efforts to narrow the list of permissible contacts but disagreed that the essence of the release order was limited to staying away from the restaurants but rather extended to a prohibition on involvement in the operation of the restaurants. Allowing for ongoing questions, the government indicated it saw no reason why any employee's questions could not go through the manager, with whom the defendant is permitted to have contact. The government added: "If there are close personal relationships

3

along the lines allowed by Judge Boal, we are happy to discuss those, but we can't agree to people who are co-conspirators." This motion followed without further discussion and with one non-employee removed from defendant's list of proposed deletions from the no-contact list.

The government remains of the view that the defendant has not provided sufficient justification for his need to be in contact with the named employees of the restaurants. The defendant should not be involved in the operation of the restaurants. As the Court has indicated, the defendant may answer questions from the manager about how the restaurants have been operated in the past, but he should not be making decisions about the operation of the restaurants now. If the defendant's request to be permitted to respond to operational inquiries is intended to give him discretionary management authority, it should be denied.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

By:   /s/ *James D. Herbert*
James D. Herbert
Kelly Begg Lawrence
Samuel Feldman
Assistant United States Attorneys
(617) 748-3202

Date: December 16, 2022

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the

4

registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

/s/ *James D. Herbert*
James D. Herbert
Assistant United States Attorney

Date: December 16, 2022