UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    vs.<br><br>(1) CHELBE WILLIAMS MORAES,<br>(2) JESSE JAMES MORAES,<br>(3) HUGO GIOVANNI MORAES, and<br>(4) MARCOS CHACON GIL, a/k/a "MARQUITO,"<br><br>    Defendants | Crim. A. No. 1:21-cr-10715-ADB |

**MEMORANDUM IN SUPPORT OF MOTION OF 434 HM LLC
TO DISSOLVE MEMORANDUM OF LIS PENDENS**

PRELIMINARY STATEMENT

    The Court, acting on the government's ex parte motion, endorsed a memorandum of lis pendens clouding title to property owned by 434 HM LLC, a company affiliated with the defendant, Hugo Moraes. But Massachusetts law does not authorize a lis pendens in this case. The only statute the government relied on, G.L. c. 184, § 15, applies only in civil cases. The government did not cite either of the two Massachusetts statutes authorizing memoranda of lis pendens in criminal cases, but those statutes apply only when specific crimes are charged; they do not apply here. 434 HM LLC, which had no opportunity to be heard before the Court endorsed the memorandum of lis pendens, is now at risk of a foreclosure, because its bank has taken the position that the recording of the lis pendens is an event of default. Because the memorandum of lis pendens was not authorized by law, and because the restraining order concerning the property adequately protects the government's interest, 434 HM respectfully requests that the Court dissolve the memorandum of lis pendens.

1

BACKGROUND

On November 1, 2022, a grand jury indicted Hugo Giovanni Moraes ("Moraes"), alleging (in count one) that he conspired to encourage and induce an alien to come to, enter, and reside in the United States for commercial advantage and private gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I) and (B)(i), and (in count two) that he did encourage and induce an alien to come to, enter, and reside in the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv) and (B)(i). (Superseding Indictment, ECF 43 at 7-8). The indictment includes a forfeiture allegation, which asserts that upon conviction of the offenses charged in counts one and two, Moraes would forfeit to the United States the real property located at 434 Main Street, Woburn ("the Property"), under 8 U.S.C. § 1324(b) and 18 U.S.C. § 982(a)(6). (Superseding Indictment, ECF 43 at 13).

The movant, 434 HM LLC, has owned the Property since 2015. (Folkman Decl. Ex. 1). It mortgaged the property to East Boston Savings Bank in 2017 to secure two promissory notes held by the bank. (Folkman Decl. Ex. 2).[1] Moraes is the manager of 434 HM LLC. (Folkman Decl. Ex. 3). One of the two restaurants at issue in the case against Mr. Moraes, The Dog House Bar & Grill, operated at the Property.

On November 2, the day after the indictment, the government moved, ex parte, for endorsement of a memorandum of lis pendens concerning the Property. (Motion for Finding and Endorsement of Lis Pendens, ECF 52). The Court granted the ex parte motion on November 4. (Order of 11/4/22, ECF 57). The government recorded the memorandum of lis pendens the same day. (Folkman Decl. Ex. 4). The Court, acting ex parte, also entered a restraining order that, among other things, restrained Moraes and anyone acting in concert with him, including 434 HM

---

[1] Independent Bank Corp., the parent company of Rockland Trust Co., acquired Meridian Bancorp, Inc., the parent of East Boston Savings Bank, by merger in 2021. This memorandum refers to Rockland Trust as "the Bank."

2

LLC, from transferring or encumbering the property, and required them to make all mortgage payments. (Restraining Order, ECF 60).

The Bank learned of the indictment, the memorandum of lis pendens, and the restraining order. It asserted that the recording of the memorandum of lis pendens and the entry of the restraining order constituted an Event of Default under the Mortgage and that the notes secured by the Mortgage were therefore accelerated and due immediately. (Folkman Decl. Ex. 5). 434 HM strongly disputes that an Event of Default has occurred. Nevertheless, counsel for 434 HM and the Bank have been discussing ways to satisfy the Bank's concerns about its security. One of the Bank's demands is that 434 HM take steps to dissolve the lis pendens. The Property is 434 HM's sole significant asset, and so it is critical to 434 HM to try to satisfy the Bank and avoid the risk of foreclosure.

## ARGUMENT

A. <u>Except In Cases Charging Specified Crimes Not Present Here, Massachusetts Law Does Not Authorize a Memorandum of Lis Pendens In Criminal Cases.</u>

When it sought the Court's endorsement on the lis pendens, the government asserted that it was proceeding under the general Massachusetts lis pendens statute, G.L. c. 184, § 15. (ECF 52 at 2-3). The government was wrong to rely on Section 15, since the statute applies only in civil cases. *See United States v. Boyer,* 58 F. Supp. 3d 173, 176-77 (D. Mass. 2014) (Section 15 "appears on its face to pertain only to civil forfeiture proceedings, which are in rem and render the property the object of the action, while criminal forfeiture actions proceed against the defendant and not his property"); *United States v. Kavalchuk,* 2010 U.S. Dist. LEXIS 16343, at *9 (D.N.H. Feb. 23, 2010) (construing Massachusetts statute). As the court said in *Kavalchuk,* in reasoning this Court approved in *Boyer:*

> On its face, M.G.L. ch. 184, § 15 appears to pertain to civil actions that affect real property rather than criminal proceedings with a potential claim for substitute forfeiture assets. The government not cited a case in which M.G.L.A. ch. 184, § 15 was used to preserve assets as potential substitute property in a criminal forfeiture proceeding prior to conviction. The use of lis pendens in civil forfeiture proceedings is inapposite to the circumstances here because civil forfeiture proceedings are in rem, making the property the object of the action, while criminal forfeiture actions proceed against the defendant, not his property.

*Kavalchuk, supa* at *9-10 (citation and footnote omitted); *Boyer,* 58 F. Supp. 3d at 176-77 (approving reasoning of *Kavalchuk*).

The Court did not have the benefit of briefing in opposition to the ex parte motion, but it was error grant a motion for a lis pendens on the basis of Section 15.

Massachusetts does have a statute on lis pendens in drug forfeiture cases, G.L. c. 94C, § 47. *See Wolfe,* 440 Mass. at 704 n.5. That statute can apply in both criminal and civil cases. *See* G.L. c. 94C, § 47(b) (forfeiture on motion of the district attorney in court with jurisdiction over the property or with jurisdiction "over any related criminal proceeding …"); *Id.* § 47(d) (civil proceedings *in rem*). The statute provides for recording of a memorandum of lis pendens in such cases. *See id.* § 47(j). There is a similar statute on forfeiture in human trafficking cases, G.L. c. 265, § 56, and that statute contains a similar provision on recording a memorandum of lis pendens. *See id.* § 56(j).

The plain meaning of these alternative Massachusetts statutes shows that they cannot apply here. Under federal law, forfeiture of the Property in this case is a possibility, if Moraes is convicted, because there is a federal statute that makes property "used in the commission of a violation" of the statute under which Moraes is charged subject to forfeiture. *See* 8 U.S.C. § 1324(b). But the two Massachusetts statutes allowing memoranda of lis pendens in criminal cases apply only in cases charging certain enumerated crimes. Section 47, and the lis pendens provisions it contains, apply only in drug cases. *See generally* G.L. c. 94C, § 47(a) (defining the

4

property subject to forfeiture by reference to particular drug crimes).[2] And Section 56, and the lis pendens provisions it contains, apply only in cases charging violations of two specific Massachusetts statutes: trafficking persons for sexual servitude, G.L. c. 265, § 50; or trafficking persons for forced services, G.L. c. 265, § 51. *See* G.L. c. 256, § 56(a)(iv) (real property "used in any manner or part to commit or to facilitate any violation of [Chapter 256] section 50 or 51" is subject to forfeiture).

Of course, Moraes is not charged with a drug crime under either Massachusetts or federal law. Nor is he charged with violations of the two Massachusetts trafficking statutes. And even if the Court should conclude, contrary to the plain language of Section 56, that that statute allows a memorandum of lis pendens when a defendant is charged with the corresponding federal crime, Moraes is not charged under those federal statutes, either. *Cf.* 18 U.S.C. § 1591 (trafficking with knowledge that force, threats of force, fraud, or coercion will be used to cause the victim to engage in a commercial sex act); 18 U.S.C. § 1590 (trafficking any person for labor or services in violation of statutes forbidding peonage, slavery, forced labor, and involuntary servitude); 18 U.S.C. § 1584(a) (bringing a person into the United States held in servitude); 18 U.S.C. § 1583 (enticing a person into involuntary servitude); 18 U.S.C. § 1589 (obtaining labor of a person by force, threats of harm, or other illegal means).

In short, the Massachusetts statute on which the government relied does not authorize a memorandum of lis pendens in criminal cases. The Massachusetts statutes that *do* authorize a lis pendens in criminal cases apply only when certain crimes are charged, and they are not charged here. Massachusetts law simply does not authorize issuance of a memorandum of lis pendens here.

---

[2] There is one exception in Section 47 that is not relevant here. Under G.L. c. 94C, § 47(a)(6), "drug paraphernalia" are forfeitable without reference to a particular crime.

B. <u>Dissolving The Memorandum of Lis Pendens Would Not Prejudice The Government.</u>

The government's concern is likely that if the Property is sold or mortgaged to a third party not on notice of the case against Moraes, the government's ability to take the property by forfeiture if it wins a conviction may be impaired. But Moraes and 434 HM are already enjoined from transferring or encumbering the property—while the law does not permit the government to record a memorandum of lis pendens for the reasons given above, it certainly permits the Court to issue a restraining order in a case like this. *See* 21 U.S.C. § 853(e)(1). And any prospective purchaser or mortgagee would necessarily be aware of the pendency of this case, because even if the memorandum of lis pendens is dissolved, it has been recorded and will still be part of any title search.

C. <u>434 HM Is Prejudiced By The Memorandum of Lis Pendens.</u>

The Bank, rightly or wrongly, has taken the position that the existence of the memorandum of lis pendens is an event of default under the mortgage. Acceleration of the debt to the Bank and foreclosure would have a devastating effect on 434 HM's business, since that business is just to own the property and lease it for profit. In negotiations, the Bank has expressed a willingness to consider reserving its rights but forbearing to begin any foreclosure proceedings if, among other things, 434 HM will take steps to have the lis pendens dissolved. Given the restraining order and the risk to 434 HM's business in the even the Bank does take steps to seek to foreclose, the balance of the harms is clear.

## CONCLUSION

For these reasons, the Court should dissolve the memorandum of lis pendens.

Respectfully submitted,

434 HM LLC

By its attorney:

*/s/ Theodore J. Folkman*

Theodore J. Folkman (BBO No. 647642)
RUBIN & RUDMAN LLP
53 State St.
Boston, MA 02109
(617) 330-7135
tfolkman@rubinrudman.com

Dated: January 23, 2023

## CERTIFICATE OF SERVICE

I certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to non-registered participants on January 23, 2023.

*/s/ Theodore J. Folkman*