

**U.S. Department of Justice**

*Rachael S. Rollins*
*United States Attorney*
*District of Massachusetts*

Main Reception: (617) 748-3100

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

April 6, 2023

George F. Gormley, P.C.
160 Old Derby Street, Suite 456
Hingham, MA 02043

Re:  United States v. Marcos Chacon Gil, a/k/a "Marquito"
     Criminal No. 21-10175-ADB

Dear Mr. Gormley:

The United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Marcos Chacon Gil ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1. Change of Plea

Defendant will plead guilty to count ten of the Second Superseding Indictment: Transferring False Identification Documents, in violation of 18 U.S.C.§ 1028(a). Defendant admits that Defendant committed the crime specified in this count and is in fact guilty of the count.

2. Penalties

Defendant faces the following maximum penalties: incarceration for up to fifteen years; supervised release for up to three years; a fine of up to $250,000; a mandatory special assessment of $100; and forfeiture to the extent charged in the Second Superseding Indictment.

Defendant understands that, if Defendant is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3. Sentencing Guidelines

1

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 9:

a) Defendant's base offense level is 11 (USSG § 2L2.1); and

b) Defendant's offense level is decreased by two levels, because Defendant has accepted responsibility for Defendant's crime (USSG § 3E1.1).

Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw Defendant's guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crime to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. <u>Sentence Recommendation</u>

The parties agree to recommend the following sentence to the Court:

a) incarceration at the low end of the Guidelines sentencing range as calculated by the parties in Paragraph 3;

b) a fine within the Guidelines sentencing range as calculated by the parties in Paragraph 3, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

c) 12 months of supervised release if the Defendant is not immediately removed and returned to El Salvador;

d) a mandatory special assessment of $100, which Defendant must pay to the Clerk of the Court by the date of sentencing;

e) forfeiture as set forth in Paragraph 7.

5.  Waiver of Appellate Rights and Challenges to Conviction or Sentence

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) Defendant will not challenge Defendant's conviction on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) Defendant will not challenge Defendant's sentence, including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence, regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.

Defendant is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

6.  Stipulated Order of Removal

Defendant agrees to a stipulated judicial order of removal pursuant to the Immigration and National Act ("INA") section 212(a)(6)(A)(i) and Title 8, United States Code, Section 1182(a)(6)(A)(i). Specifically, Defendant admits that he is a citizen of the Republic of El Salvador (or "El Salvador") and that he is removable from the United States pursuant to Title 8, United States Code, Section 1182.

A.  Voluntary Waiver of Rights

After consultation with counsel and understanding the legal consequences of doing so,

Defendant knowingly and voluntarily waives the right to the notice and hearing provided for in Title 8, United States Code, Section 1228(c)(2) and further waives any and all rights to appeal, reopen, reconsider, or otherwise challenge the stipulated removal order. Defendant understands and knowingly waives his right to a hearing before an immigration judge or any other authority under the INA on the question of Defendant's removability from the United States. Defendant further understands the rights Defendant would possess in a contested administrative proceeding and waives these rights, including Defendant's right to examine the evidence against him, to present evidence on his behalf, and to cross-examine the witnesses presented by the government.

Defendant agrees to waive his rights to any and all forms of relief or protection from removal, deportation, or exclusion under the INA, as amended, and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: asylum; withholding of removal under Title 8, United States Code, Section 123l(b)(3); any protection from removal pursuant to Article 3 of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. § 208; cancellation of removal; adjustment of status; registry; de novo review of a denial or revocation of temporary protected status (current or future); waivers under Title 8, United States Code, Sections 1182(h) or 1182(i); visa petitions; consular processing; voluntary departure or any other possible relief or protection from removal available under the Constitution, laws or treaty obligations of the United States. As part of his agreement, Defendant specifically acknowledges and states that the Defendant has not been persecuted in, and has no present fear of persecution in the Republic of El Salvador on account of his race, religion, nationality, membership in a particular social group, or political opinion. Similarly, Defendant further acknowledges and states that Defendant has not been tortured in and has no present fear of torture in El Salvador.

Defendant hereby requests that an order be issued by the Court for his removal to El Salvador. Defendant agrees to accept a written order of removal as a final disposition of these proceedings and waives any and all rights to challenge any provision of the agreement in the United States or foreign court or tribunal.

Defendant hereby agrees to make the judicial order of removal a public document, waiving his privacy rights, including his privacy rights under 8 C.F.R. § 208.6. At the request of the U.S. Attorney's Office, U.S. Immigration and Customs Enforcement ("ICE") concurs with the government's request for a judicial order of removal. As a result of the above-referenced order, upon the completion of the Defendant's criminal proceedings, including any sentence of incarceration and any court-imposed supervision, the Defendant shall be removed to El Salvador.

B. <u>Assistance in the Execution of Removal</u>

Defendant agrees to assist ICE in the execution of his removal. Specifically, Defendant agrees to assist ICE in the procurement of any travel or other documents necessary for Defendant's removal; to meet with and to cooperate with representatives of the country or countries to which Defendant's removal is directed; and, to execute those forms, applications, or waivers needed to execute or expedite Defendant's removal. Defendant further understands that his failure or refusal to assist ICE in the execution of his removal shall breach this plea agreement and may subject

Defendant to criminal penalties under Title 8, United States Code, Section 1253.

      C.    <u>Re-entry and Penalties</u>

Defendant agrees to concede that the entry of the judicial order of removal renders him permanently inadmissible to the United States. He agrees that he will not enter, attempt to enter, or transit through the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the U.S. government.

    7.    <u>Forfeiture</u>

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

    8.    <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

    9.    <u>Breach of Plea Agreement</u>

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

    10.    <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal,

state, or local prosecuting authorities.

11. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\*   \*   \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Samuel R. Feldman.

Sincerely,

RACHAEL S. ROLLINS
United States Attorney

By: _____
ELIZABETH RILEY-CUNNIFFE
Chief, Civil Rights and Human Trafficking Unit

_____
SAMUEL R. FELDMAN
Assistant U.S. Attorney

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have had this letter read to me in my native language and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crime I am pleading guilty to, and the maximum penalties for that crime. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offense. I believe this Agreement is in my best interest.

_M. C. H. Gil_
Marcos Chacon Gil
Defendant

Date: 04/13/23

I certify that Marcos Chacon Gil has had this Plea Agreement read to Defendant in Defendant's native language and that we have discussed what it means. I believe Marcos Chacon Gil understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

George F. Gormley, Esq.
Attorney for Defendant

Date: April 13, 2023

7